UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LINDA ASHER, ROBERT ASHER, and MARTHA DEAL, <br><br> Plaintiffs, <br><br> vs. <br><br> SPARTAN FREIGHT SYSTEMS, INC., and MOHIT PALTA, individually and as an employee, agent, and/or servant of SPARTAN FREIGHT SYSTEMS, INC., <br><br> Defendants. | Case No. 2:22-cv-00278 |

## NOTICE OF REMOVAL

COMES NOW Counsel, Renee J. Mortimer and Corban J. Cavanaugh of LEWIS BRISBOIS BISGAARD & SMITH LLP on behalf of Defendants SPARTAN FREIGHT SYSTEMS, INC. ("SPARTAN FREIGHT") and MOHIT PALTA ("PALTA") (collectively, the "Defendants"), and hereby files this Notice of Removal pursuant to 28 U.S.C.S. § 1446, and invokes this Court's jurisdiction under the provisions of 28 U.S.C.S. § 1332 and 28 U.S.C.S. § 1441(b). In support of said removal, Defendants state as follows:

1. On August 11, 2022, Plaintiffs LINDA ASHER, ROBERT ASHER, and MARTHA DEAL, filed a Complaint against Defendants in the Lake County Superior Court, Lake County, Indiana in a matter styled *Linda Asher, Robert Asher, and Martha Deal v. Spartan Freight Systems, Inc., and Mohit Palta, individually and as an employee, agent, and/or servant of Spartan Freight Systems, Inc.*, under cause number 45D01-2208-CT-000794 (the "State Court Action"). *See* Exhibit A., Plaintiffs' Complaint.

2. Plaintiffs' cause of action described in their Complaint for Damages sounds in negligence. *See generally* Ex. A. Specifically, in Plaintiffs' Complaint for Damages, they allege

that Plaintiffs LINDA ASHER and MARTHA DEAL sustained "permanent and severe personal injuries" on June 14, 2021, as a result of an alleged motor vehicle accident that took place on Interstate 80, near mile-marker 8.7, in Lake County, Indiana. *See* Ex. A., ¶¶4-11, ¶¶13-14. Plaintiff ROBERT ASHER is making a claim for loss of consortium for the injuries alleged sustained by his wife LINDA ASHER. Ex. A, ¶¶15-16.

3. On August 23, 2022, SPARTAN FREIGHT, by way of USPS Certified Mail # 9414-8111-0803-3507-3924-89, was served with a copy of Plaintiffs' Summons and Complaint *See* Exhibit B., Plaintiffs' Certificate of Issuance of Summons and Return of Service.

4. On August 25, 2022, PALTA, by way of USPS Registered Mail #RF508523758US, was served with a copy of Plaintiffs' Summons and Complaint *See* Ex. B.

5. 28 U.S.C.S. § 1446(b)(1), provides that a notice of removal shall be filed within thirty (30) days after the defendant receives a copy of the plaintiff's initial pleading. Moreover, pursuant to 28 U.S.C.S. § 1446(b)(1)(C), if defendants are served at different times, the later-served defendant is entitled 30 days to remove the case to the district court, so long as the earlier-served defendant consents to the removal. As previously stated, Plaintiffs commenced this lawsuit against Defendants on August 11, 2022. SPARTAN FREIGHT was served the Complaint on August 23, 2022. PALTA was served the Complaint on August 25, 2022. Both Defendants have consented to the removal of this action. As such, Defendants' Notice of Removal is timely filed under 28 U.S.C.S. § 1446(b), as the time by which removal must be effectuated is September 26, 2022, and this Notice of Removal has been filed in advance of that date.

6. The District Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C.S. § 1332(a)(1)(2), because the pending action is between citizens of a State(s) and citizens and subjects of a foreign state, and the amount in controversy exceeds the sum or value of $75,000.

Moreover, because this cause of action meets the statutory criteria, Defendants are permitted to remove this case pursuant to 28 U.S.C.S. § 1441.

7. Plaintiffs LINDA ASHER and ROBERT ASHER are now, and were at the time of the commencement of the State Court Action, citizens of the state of Indiana. *See Page v. Democratic Nat'l Comm.*, 2021 U.S. App. LEXIS 18407, at *7 (7th Cir. June 21, 2021) (citations omitted) (individuals are deemed to be a "[c]itizen of the state in which they reside or—to be more precise—are domiciled.").

8. Plaintiff MARTHA DEAL is now, and was at the time of the commencement of the State Court Action, a citizen of the state of Florida. *See Id*.

9. Under 28 U.S.C.S. § 1332(c)(1), a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. Defendant SPARTAN FREIGHT is now, and was at the time of the commencement of the State Court Action, a Canadian corporation with its principle place of business located in Mississauga, Ontario, Canada. *See* Exhibit C., Spartan Freight's Ontario Business Registry Report. Thus, pursuant to 28 U.S.C.S. § 1332(c), SPARTAN FREIGHT is now, and was at the time of the commencement of the State Court Action, a citizen of Canada.

10. PALTA is now, and was at the time of the commencement of the State Court Action, a Canadian citizen domiciled in Brampton, Ontario, Canada. *See* Exhibit D., M. Palta's Canadian CDL. Thus, pursuant to federal precedent, PALTA is now, and was at the time of the commencement of the State Court Action, a citizen of Canada.

11. LINDA ASHER, as a result of Defendants' alleged negligence, claims that she sustained "permanent and severe personal injuries, incurred and will incur, hospital, diagnostic, therapeutic, surgical, pharmaceutical, and other medical expenses; suffered and will suffer

physical pain, mental suffering, terror, freight, humiliation, loss of enjoyment of life; disability; disfigurement; loss of income and wages; loss of time; impairment of earnings capacity; and sustained other injures and damages of a personal and pecuniary nature." Ex. A, ¶¶14.

12. MATHA DEAL, as a result of Defendants' alleged negligence, claims that she sustained "permanent and severe personal injuries, incurred and will incur, ambulance, hospital, diagnostic, therapeutic, surgical, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, freight, humiliation, loss of enjoyment of life; disability; disfigurement; loss of income and wages; loss of time; impairment of earnings capacity; and sustained other injuries and damages of a personal and pecuniary nature. Ex. A, ¶¶14.

13. ROBERT ASHER, as a result of Defendants alleged negligence and the injuries allegedly resulting therefrom by his wife LINDA ASHER, claims that he has suffered "loss of society, companionship, services and consortium." Ex. A, ¶¶16.

14. Moreover, Plaintiffs' prayer for relieve indicates that they seek to recover punitive damages from Defendants. *See* Ex. A, p. 4.

15. Therefore, judging from the face of Plaintiffs' Complaint, there is a reasonable probability that the amount in controversy exceeds the sum or value of $75,000, thus satisfying the amount in controversy requirement. *See Copak v. State Farm Mut. Auto. Ins. Co.*, 2013 U.S. Dist. LEXIS 15801 (N.D. Ind. 2013) (holding that where the amount in controversy is plausible based on the pleadings and the evidence, removal is proper).

16. As a result of the foregoing, diversity of citizenship and the jurisdictional minimum amount have been satisfied. Therefore, pursuant to 28 U.S.C.S. § 1332, this Court has jurisdiction over this matter.

17.     Defendants, pursuant to 28 U.S.C.S. § 1446(d), have filed written notice of this Notice of Removal with the Clerk of the Lake County Superior Court, Indiana, concurrently with the filing of this Notice, and has served the same on Plaintiffs.

18.     Defendants, pursuant to 28 U.S.C.S. § 1446 (a), have attached to this Notice of Removal a copy of all pleadings, papers, and other orders served upon them in the State Court Action to date. (*See* Exhibit E., Indiana State Court Action Record).

19.     Because Defendants have adequately set forth the requirements of 28 U.S.C.S. § 1332, § 1441, and § 1446, this Court may exercise its original jurisdiction and accept Defendants' removal of the State Court Action.

20.     In the event that Plaintiffs move for remand, or this Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit supplemental authority, evidence, and argument in support of removal, as may be appropriate.

Wherefore, Defendants, SPARTAN FREIGHT SYSTEMS, INC. and MOHIT PALTA, hereby removes this action from the Lake County Superior Court, State of Indiana, and prays that this action proceeds in the United State District Court of the Northern District of Indiana, Hammond Division.

Respectfully submitted,
LEWIS BRISBOIS BISGAARD & SMITH LLP

By:  *s/ Corban J. Cavanaugh*
     Renee J. Mortimer (20724-45)
     Renee.Mortimer@lewisbrisbois.com
     Corban J. Cavanaugh (35183-46)
     Corban.Cavanaugh@lewisbrisbois.com
     2211 Main Street, Suite 3-2A
     Highland, IN 46322
     Renee J. Mortimer Direct: 219.440.0604
     Corban J. Cavanaugh Direct: 219.440.0621
     T: 219.440.0600/F: 219.440.0601
     ***Attorneys for Defendants***